Elizabeth HAYES, Plaintiff—
Appellant,

v.

Michael J. ASTRUE,* Defendant—
Appellee.

No. 05–17311.

United States Court of Appeals,
Ninth Circuit.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of

Submitted Nov. 9, 2007 **.

Filed Nov. 14, 2007.

Harvey P. Sackett, Esq., Sackett & Associates A Professional Law Corp., San Jose, CA, for Plaintiff–Appellant.

Odell Grooms, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HALL and BYBEE, Circuit Judges, and ZAPATA,*** District Judge.

## MEMORANDUM ****

Elizabeth Hayes timely appeals the district court's judgment affirming the Commissioner of Social Security's partial denial of her claim for disability benefits. We reverse and remand to the Administrative Law Judge ("ALJ").

## I.

The ALJ held that Hayes was "disabled" after her 55th birthday, but not before then. The ALJ's holding rested on the conclusion that Hayes was capable of "light work." In reaching this conclusion, the ALJ rejected opinions to the contrary from Hayes' physicians. However, while the ALJ offered specific legitimate reasons for disregarding Hayes' other physicians, he erred by completely failing to address the findings of Dr. Nguyen, her treating physician. *E.g., Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002).

## II.

The vocational expert appropriately defined the relevant economy as the state of California. *See Barker v. Sec'y of Health & Human Servs.,* 882 F.2d 1474, 1478–79 (9th Cir.1989) (as few as 1,266 jobs in a local economy can constitute a "significant number"). However, the ALJ's omission of Dr. Nguyen's limitations from his hypothetical means the vocational expert's testimony cannot constitute substantial evidence that Hayes could perform alternate work. *See, e.g., Lewis v. Apfel,* 236 F.3d 503, 517 (9th Cir.2001).

## III.

Accordingly, we reverse the district court's judgment in favor of the Commissioner, and remand the matter to the ALJ so that he may properly address whether Hayes can perform "light work" in light of Dr. Nguyen's opinion. If necessary, the ALJ should also reassess whether the alternate work Hayes can perform exists in substantial numbers in the national economy.

## REVERSED AND REMANDED.

the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.